**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 23-CR-4 (APM)** |
| | : | |
| **ISAIAH FARNSWORTH,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>MOTION TO ALLOW MR. FARNSWORTH TO REMAIN ON RELEASE PENDING SENTENCING</u>

The defendant, by and through counsel, moves this Honorable Court to allow him to stay on bond following the entry of his guilty plea on May 4, 2023.  In furtherance of this motion, Mr. Farnsworth would show that there are *exceptional circumstances* pursuant to 18 U.S.C. § 3145(c), or alternatively, Mr. Farnsworth would ask this court to delay acceptance of his guilty plea until the date set for sentencing.

***There are Exceptional Circumstances that Warrant Allowing Mr. Farnsworth to Remain on Release Pending Sentencing.***

Pursuant to the Plea Agreement in this case, Mr. Farnsworth has agreed to plead guilty to a violation of 18 U.S.C. § 1361.  This particular code section is an offense listed in section 2332b(g)(5)(B) for which a maximum sentence of 10 years is prescribed.  Under 18 U.S.C. § 3142(f)(1)(A), crimes that fall under § 2332b(g)(5)(B) are crimes that trigger particular requirements under the Bail Reform Act.  Specifically, 18 U.S.C. § 3143(a)(2) states that

> The judicial officer shall order that a person who **has been found guilty** of an offense in a case described in subparagraph (A) . . . of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence **be detained** unless –
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person, and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

(emphasis added).

Pursuant to 18 U.S.C. § 3145(c), however, a person subject to detention under § 3143(a)(2), and who meets the conditions of release set forth in § 3143(a)(1) or (b)(1), may be released under appropriate conditions, if there is a showing of *exceptional circumstances.*

In the Plea Agreement that Mr. Farnsworth signed, the Government and he agree that his guidelines will be *4 to 10 months*.  This range is found in Zone B of the Sentencing Guidelines. According to U.S.S.G. § 5C1.1(c)(3), the minimum term of a sentence in Zone B can be satisfied with "a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment . . . ."  Furthermore, according to the terms of the Plea Agreement, Mr. Farnsworth can seek a downward variance at the time of sentencing.

If the Court detained Mr. Farnsworth at the time of his guilty plea on May 4, 2023, Mr. Farnsworth would effectively lose his opportunity to seek either a guideline sentence that does not include imprisonment or a variance of sentence that would not include incarceration. Additionally, Mr. Farnsworth is an important caregiver for his two young children as their mother suffers from a lot of social anxiety and depends on Mr. Farnsworth to do things for the children for which she cannot. While Congress has not defined "*exceptional circumstances*," that failure to define the term places broad discretion with the District Court to consider the particular circumstances of the case before it and draw upon its broad experience.  *See United States v. Garcia*, 340 F.3d 1013, 1019.  Depriving a defendant of his range of sentencing arguments prematurely raises both fairness and due process concerns.  Moreover, Mr. Farnsworth is needed at home to care for his children.  For these reasons, Mr. Farnsworth believes he has presented facts that support a finding of exceptional circumstances.

***Alternatively, Mr. Farnsworth Asks this Court to Delay Acceptance of His Guilty Plea Until the Time of Sentencing.***

If the Court is not persuaded that Mr. Farnsworth has made a showing of ***exceptional circumstances***, then Mr. Farnsworth respectfully moves this Court to delay acceptance of his guilty plea until the time of sentencing.  As mentioned above, 18 U.S.C. § 3143(a)(2) is not triggered until and unless a person ***has been found guilty***.  There is nothing in Rule 11 which mandates that the guilty plea be accepted by the Court at the time it is made.  Further, while Mr. Farnsworth is pleading to a crime that triggers mandatory detention, his crime is not a crime of violence, but rather involves destruction of government property.  Finally, Mr. Farnsworth is unwavering in his desire to plead guilty in this case and accept responsibility for his actions which he deeply regrets, and the delayed acceptance of the guilty plea will not present this Court with any inconvenience in terms of bringing this matter to a close.

Counsel for Mr. Farnsworth is aware that there are instances of individuals who have plead guilty to assault cases arising out of the events on January 6, 2021, and who have been allowed to remain on bond pending their sentencing hearing.  Certainly, a crime of violence against an individual is not a less serious crime than the one to which Mr. Farnsworth is pleading guilty.  Further, Mr. Farnsworth remains in compliance with his conditions of release, which include home confinement.  Additionally, as stated above, he is an important caregiver for his two young children.

For all these reasons, if this Court does not believe all the factors discussed above rise to the level of ***exceptional circumstances***, this Court should delay acceptance of the guilty plea until the date set for sentencing.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

By:  /s/ *Myrlene R. Marsa*
        Myrlene R. Marsa
Assistant Federal Defender
835 Georgia Avenue, Suite 600
Chattanooga, Tennessee 37402
Myrlene_Marsa@fd.org
(423) 756-4349