# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 23-CR-4 (APM)** |
| | : | |
| **ISAIAH FARNSWORTH,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REMAIN ON RELEASE PENDING SENTENCING

The United States of America, through its attorney, the United States Attorney for the District of Columbia, hereby submits this response to the defendant's Motion to Remain on Release Pending Sentencing.  (ECF No. 23.)   If the defendant pleads guilty to Count 1 of the Indictment, which charges him with an offense described in subparagraph (A), (B), or (C) of 18 U.S.C. § 3142(f)(1), the Court is required to order that the defendant be detained pending sentencing.   18 U.S.C. § 3143(a)(2).   However, as discussed at the April 4, 2023, status hearing in this matter and in the defendant's motion to remain on release, the Court may order the defendant released upon a showing of "exceptional reasons why [the defendant's] detention would not be appropriate."   18 U.S.C. § 3145(c).   Alternatively, the Court may defer the entry of the defendant's guilty plea until the date of sentencing.   The government takes no position as to the defendant's arguments for either of these approaches and defers to the Court's determination as to which is more appropriate.   If the Court elects to defer the entry of the defendant's plea until the date of sentencing, the government respectfully requests that the Court order a presentence investigation and report to aid the Court and the parties in preparing for sentencing.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By:      _____/s/_____
      Kathryn E. Fifield
      Trial Attorney
      U.S. Department of Justice, Crim. Division
      Detailed to the D.C. U.S. Attorney's Office
      1301 New York Ave. NW
      Washington, D.C. 20530
      Kathryn.fifield@usdoj.gov
      (202) 320-0048