# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 23-CR-4 (APM) |
| : | |
| ISAIAH FARNSWORTH, : | |
| : | |
| Defendant. : | |

## SENTENCING MEMORANDUM

The defendant, by and through counsel, submits this sentencing memorandum in support of his sentencing hearing. For all the reasons below, Mr. Farnsworth asks this Court to impose a guideline sentence pursuant to U.S.S.G. § 5C1.1(c)(3) for a term of probation that includes a term of home detention.

Mr. Farnsworth deeply regrets his actions that brought him before this court. On January 6, 2021. Mr. Farnsworth joined a demonstration that brought him to the U.S. Capitol. He was unarmed and did not engage in any assaultive behavior. He did, however, illegally enter the Capitol, although at the time, the door through which he entered was open and he did not know it had been opened illegally. He entered the building and remained therein approximately five minutes. During that time, he came upon a couple individuals who were attempting to break open an interior door. In the heat of the moment, Mr. Farnsworth added his weight to that effort for approximately three- or four-times shoves. During his participation, the door was not breached; however, shortly afterwards it was. At that time, Mr. Farnsworth did enter the locked room briefly, exited, and then reentered again briefly. He then realized that he was in a situation in which he did not want to participate and left the Capitol building. He did remain outside the Capitol building for a short period of time afterwards where video captured him imploring others not to break or steal anything.

The events of January 6, 2021, were ultimately so disturbing to Mr. Farnsworth that he quit participating in any political events or associating with political groups with whom he had previously associated. He and his family decided to relocate to Cleveland, Tennessee where his synagogue is located. In Tennessee, even prior to his arrest in this matter, he and his family established a quiet life in the country where he has worked as an electrician, his children attend a Montessori school, and their home life is anchored by full weekend participation in the activities and services at his synagogue, Messianic Torah Observant Israel. A letter from his rabbi is attached hereto as Exhibit 1.

Since he was arrested on these charges, Mr. Farnsworth's life was dramatically impacted. First, his identification and the allegations against him were all over the internet. This resulted in him losing more than one job and created difficulty in securing employment. He persisted, however, as providing for his family is of utmost importance to him. He currently is employed by Schaffhouser Electric Company. The President and CEO has written a letter of support attached hereto as Exhibit 2. Even in the short time that Mr. Farnsworth has been with this company, he has demonstrated his commitment and value to the company.

Second, during the pendency of this case, Mr. Farnsworth was placed on strict bond conditions which included home confinement since GPS location monitoring was unavailable in the Eastern District of Tennessee where Mr. Farnsworth is located. This presented some early challenges for Mr. Farnsworth in his responsibilities to his children, but notwithstanding some early hiccups, Mr. Farnsworth substantially complied with all these restrictions and did what he needed to do to demonstrate the seriousness with which he took this process. In doing so, he successfully demonstrated to this Court that he was willing to correct his mistakes and comply with all conditions imposed and move forward in a productive manner.

Third, the prosecution of this case created marital problems for Mr. Farnsworth. However, with his commitment to caring for his family as his guiding star, Mr. Farnsworth has been able to negotiate these difficulties to continue to provide a stable environment for his children.

From the instigation of this case, Mr. Farnsworth has demonstrated his acceptance of responsibility for his actions on January 6, 2021. He promptly entered into a plea agreement and agreed to pay restitution associated with his actions. While the video made it clear that Mr. Farnsworth was not actively participating in breaking the door at the time it broke, he acknowledged when he signed the plea and now that his actions contributed to the ultimate breaking of the door, and he is legally responsible for the damage to that door. As stated above, even at the time of the events, the insanity of his involvement became apparent to him, and he left the building. Additionally, his later calls to others not to break anything certainly demonstrate that even after getting caught up in the heat of the moment with a crowd of people, he was able to gain enough insight to stop and break off from the crowd.

Mr. Farnsworth's life has involved some very serious mistakes, but at each stage he has been able to take responsibility and move forward in ways to grow and improve himself. There is no question that Mr. Farnsworth's family is the most important feature of his life, and he will always do what needs to be done to give his children a good and stable life.

### **Application of 3553 Factors:**

The Court is instructed to impose a sentence that is not greater than necessary, considering the nature and circumstances of the offense and the history and characteristics of the defendant, to accomplish the sentencing goals in 18 U.S.C. § 3553(a)(2), namely: 1) appreciate the seriousness of the crime, promote respect for the law and provide just punishment sentence;

2) afford adequate deterrence to criminal conduct; 3) protect the public from further crimes of the defendant; and 4) provide the defendant with needed training or treatment.

Mr. Farnsworth, as stated above, has demonstrated a commitment to growing from past mistakes and has repeated that pattern in the aftermath of the activities of January 6. His full focus since he moved to Tennessee, well before this indictment issued, was to create a stable life with his family and to participate in his synagogue which is important to his faith but also for overcoming some of his past problems with drug use and mental health challenges. When this indictment issued, he turned himself in and has cooperated at every step to take responsibility for his actions and to bring this matter to a close.

He has two young children who he raises with his wife. But, as has been disclosed to this court previously related to bond conditions, his wife suffers from significant anxiety disorders and Mr. Farnsworth is primarily responsible for activities with the children outside the home. His absence even briefly would have a very disruptive effect on his children, as well as the household finances since he may well lose his job and again have to start over.

**Seriousness of the crime**:

In this case, the nature and circumstances of the crime are shocking and serious from an historical standpoint. However, the exact conduct that Mr. Farnsworth engaged in was not violent to another person. Further, while his offense is a felony, it is a relatively low-level felony. In fact, the guidelines demonstrate that the nature and circumstances of this offense do not necessarily call for a term of imprisonment. To the extent that the guidelines are useful at all, they allow that someone in Mr. Farnsworth's guideline range can be sentenced to probation in this matter with a condition of home confinement. Under the guidelines this outcome would promote respect for the law and provide just punishment.

**<u>Deterrence</u>**:

As indicated above, Mr. Farnsworth has been on home confinement since shortly after his arrest on December 6, 2022. His conditions were modified on June 24, 2023, to allow him to come and go from the house according to a curfew, however, he has remained on electronic monitoring throughout. There is nothing about Mr. Farnsworth compliance that argues that imprisonment is required to personally deter Mr. Farnsworth from further criminal activity. Further, Mr. Farnsworth's steadfast acceptance of responsibility in this matter underscores that he has been adequately deterred already.

Finally, for purposes of general deterrence, restricting Mr. Farnsworth's freedom through home confinement (as has already been done for approximately eight months), and ordering that he remain accountable to a probation officer for a further period of time sends a clear message that anyone who considers engaging in similar conduct in the future should expect that their freedom will be curtailed for a period of time.

**<u>Protect the public from further crimes</u>**:

Incapacitation of Mr. Farnsworth is not necessary to protect the public in this case. Again, this is demonstrated by Mr. Farnsworth compliance with conditions and his continued striving to live a quiet, responsible life taking care of his family.

## **Conclusion:**

Mr. Farnsworth urges this court to impose a sentence of probation with conditions of home confinement under U.S.S.G. § 5C1.1(c)(3). Mr. Farnsworth understand that probation is recommending a sentence of four (4) months incarceration, followed by one-year term of Supervised Release with conditions of home confinement for an additional four (4) months. Obviously, this recommendation also satisfies the guideline recommendation. However, incarcerating Mr. Farnsworth at

this time would not accomplish anything for Mr. Farnsworth personally (that is this term of incarceration could not provide any services to Mr. Farnsworth that could benefit him or society), or society at large. In fact, uprooting Mr. Farnsworth from his job (that he already struggled to obtain due to these charges) and removing him from his children's lives would only serve to destabilize him and his family which makes it harder for him to function productively in society. Mr. Farnsworth has distinguished himself in this case by leaving the Capitol very quickly after entering illegally, and essentially abandoning his unlawful actions. Further, he then removed himself from his prior negative political associations (long before this indictment issued) and moved himself and his family to Tennessee to be fully involved with their synagogue and create a positive life for them. Finally, acceptance of responsibility in this case has been full and unwavering. For all these reasons, it would be appropriate in this case to impose a sentence that allows him to remain in society, but under the authority of this Court for a term of probation with conditions of home confinement.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
 OF EASTERN TENNESSEE, INC.

By:   /s/ *Myrlene R. Marsa*
         Myrlene R. Marsa
Assistant Federal Defender
605 Chestnut Street, Suite 1310
Chattanooga, Tennessee 37450
Myrlene_Marsa@fd.org
(423) 756-4349